IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LAW OFFICES OF SHIMSHON WEXLER, P.C., a New York professional company, individually and as the representative of a class of similarly-situated persons,<br><br>    Plaintiff,<br><br>v.<br><br>AICOM SOLUTIONS LLC d/b/a AICOM CORPORATION; TIME WARNER CABLE LLC d/b/a SPECTRUM; TIME WARNER CABLE MEDIA LLC; CHARTER COMMUNICATIONS INC.; CHARTER COMMUNICATIONS OPERATING LLC; and JOHN DOES 1–10,<br><br>    Defendants. | Case No. 1:17-cv-1084-MHC<br><br>CLASS ACTION |

**CHARTER DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND TO TRANSFER TO THE SOUTHERN DISTRICT OF NEW YORK AND BRIEF IN SUPPORT THEREOF**

# **TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................... 1

II. PERTINENT FACTS ................................................................................. 4

    A. Plaintiff's Amended Complaint Fails to Allege a Connection to Georgia. ............................................................................................ 4

    B. The Record Evidence Disproves any Connection to Georgia. ............. 5

III. ARGUMENT AND CITATION OF AUTHORITY ..................................... 6

    A. Plaintiff Must Allege a Prima Facie Case of Jurisdiction and then Carry the Burden of Producing Evidence that Satisfies the Georgia Long-Arm Statute and the Due Process Clause. ..................... 6

    B. Plaintiff Has Not Alleged a Prima Facie Case of Jurisdiction. ............. 7

    C. Plaintiff Cannot Satisfy the Georgia Long-Arm Statute. ................... 10

    D. Plaintiff Cannot Satisfy the Due Process Clause. ............................. 11

    E. This Case Should Be Transferred Based on Lack of Personal Jurisdiction. ...................................................................................... 13

IV. CONCLUSION ........................................................................................ 14

i

Defendants Time Warner Cable LLC d/b/a Spectrum, Time Warner Cable Media LLC, Charter Communications Inc., and Charter Communications Operating LLC (the "Charter Defendants")[1] respectfully submit that the Court lacks personal jurisdiction over the Charter Defendants. Therefore, to the extent Plaintiff still intends to pursue its claims after the D.C. Circuit's decision in *Bais Yaakov of Spring Valley v. FCC*, 852 F.3d 1078 (D.C. Cir. 2017) (reh'g denied June 6, 2017), the Charter Defendants hereby move the Court to dismiss this case for lack of personal jurisdiction, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, and transfer it to the U.S. District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1406(a) and/or § 1631.

## I.  INTRODUCTION

Plaintiff is a law firm that prosecutes claims under the Telephone Consumer Protection Act ("TCPA") and other consumer-protection statutes. Based on the allegation that it received a single fax advertisement (the "Fax") that did not include an opt-out notice, Plaintiff filed this putative class action under the TCPA, seeking a windfall in statutory damages.

---

[1] Time Warner Cable, LLC has not yet been served in this matter but joins this Motion out of an abundance of caution. In making this Motion based on lack of personal jurisdiction, the Charter Defendants do not waive but rather reserve all available defenses, including insufficiency of service of process.

In response to Plaintiff's original Complaint, the Charter Defendants filed a motion to dismiss (D.E. 40) that detailed Plaintiff's failure to allege a *prima facie* case of personal jurisdiction under prong 1 or prong 2 of the Georgia Long-Arm Statute, O.C.G.A. § 9-10-91(1), (2), and submitted evidence that conclusively rebuts any allegation that the Charter Defendants purposefully directed activity toward Georgia.  Rather than respond to that motion, Plaintiff filed an Amended Complaint (D.E. 44), apparently in an effort to cure the jurisdictional defects.

Plaintiff's effort falls short, however, because it merely tacked an insufficient phrase onto its still-deficient jurisdictional allegation: "Personal jurisdiction exists over the Charter Defendants in Georgia because Defendants have **transacted business and committed tortious acts within the State**, including sending a [sic] Plaintiff a fax in Georgia and converting Plaintiff's property or time in Georgia." (D.E. 44, Am. Compl., ¶ 15 (emphasis added).)  Thus, Plaintiff is still attempting to establish jurisdiction under prong 1 (transacts business within Georgia) or prong 2 (commits tortious acts within Georgia) of the Georgia Long-Arm Statute, but it continues to omit the critical allegation that the Charter Defendants did any act or any business within Georgia that **gave rise to Plaintiff's claims**.[2]

---

[2] Plaintiff's Amended Complaint also fails to comport with *Bais Yaakov*, a binding appellate decision the Charter Defendants specifically noted in their prior motion to dismiss. (D.E. 40 at p. 1.)  In *Bais Yaakov*, the D.C. Circuit, acting as a reviewing

2

At most, Plaintiff now alleges that it "received" the Fax in Georgia, but does not allege that the Charter Defendants sent the Fax, much less that they sent it from or to Georgia.  Additionally, although Plaintiff now tacitly admits it has a New York office, it fails to recognize (a) the Fax is *specifically addressed* to that office, (b) the Fax proposes service at that office, (c) the Fax was *sent* to that office, (d) from outside Georgia, and (e) the Charter Defendants did not send the Fax at all.

These facts establish that jurisdiction is not proper under either the Georgia Long-Arm Statute or the Due Process Clause of the United States Constitution, and Plaintiff must satisfy both in order to proceed in this Court.  As such, to the extent Plaintiff intends to pursue this action after *Bais Yaakov*, the Court should dismiss it for lack of personal jurisdiction and transfer it to the Southern District of New York, the jurisdiction to which the Fax was sent and therefore that has the strongest connection to Plaintiff's claims.

---

court pursuant to the Administrative Procedures Act, invalidated the Federal Communications Commission ("FCC") rule requiring opt-out notices on solicited faxes.  Nevertheless, Plaintiff continues to cite the now-invalidated rule and allege "Defendants' failure to include a compliant opt-out notice on their fax advertisements makes irrelevant any express consent . . . that otherwise might have justified Defendants' fax advertising campaigns.  47 C.F.R. § 64.1200(a)(4)." (Am. Compl, ¶ 60.).  The Charter Defendants' prior motion to dismiss also attached the Declaration of Noel Azucena, which demonstrates the Fax was solicited and thus that Plaintiff's claims fail.  Plaintiff's Amended Complaint does not address, much less dispute, the facts averred in the Azucena Declaration.

## II.   PERTINENT FACTS

### A.   Plaintiff's Amended Complaint Fails to Allege a Connection to Georgia.

Plaintiff filed this putative class action based on the allegation that it received a single fax transmission that failed to include an opt-out notice. (D.E. 1.) In its Amended Complaint (which is nearly identical to its initial Complaint), Plaintiff lumps the Charter Defendants in with the other named defendants, AICOM Solutions LLC and John Does 1-10, and conclusorily alleges that the aggregate "Defendants" sent the Fax to Plaintiff. (D.E. 44, ¶¶ 1–2.) Plaintiff admits it "is a New York professional company [*i.e.*, a law firm]" that "expanded its practice from New York to Georgia" but omits any specific mention of its New York office, even though the Fax attached to the Amended Complaint is plainly addressed to that office. (*Id.* ¶¶ 8, 21; D.E. 44-1, pp. 4–5.)

Continuing its conclusory allegations, Plaintiff contends only that it "has received at least one of [the aggregate] Defendants' advertisements by facsimile at its office in Decatur, Georgia." (D.E. 44, ¶ 23.) Similarly, Plaintiff alleges the aggregate "Defendants sent" the Fax but does not allege they sent the Fax from or to Georgia. (*Id.* at ¶ 22.) Notably, Plaintiff does recognize the Fax provides contact information for a company named AICOM (not the Charter Defendants) and

4

"indicates that an AICOM employee, John Martin, contacted Plaintiff prior to sending" the Fax. (*Id.* at ¶¶ 26-27.)

### B. The Record Evidence Disproves any Connection to Georgia.

Although Plaintiff's Amended Complaint sheds no light on where the Fax was sent, the Fax itself plainly shows it was directed to Plaintiff's *New York* law office. (D.E. 44-1, pp. 4–5.) As an initial matter, the Service Proposal in the Fax is addressed to Plaintiff's New York office as follows:

> The Law Office of Shimshon Wexler
> Attn: Owner Shimshon Wexler
> PHONE: (212) 760-2400
> ADDRESS: 2710 Broadway
> 2nd Floor, New York NY 10025

(*Id.* at p. 4.) Additionally, the Service Proposal specifies the "Location Address" for the proposed services as:

> 2710 Broadway, 2nd
> Floor New York NY
> 10025

(*Id.* at p. 5.) Therefore, the Fax attached to Plaintiff's Amended Complaint rebuts any connection between Plaintiff's claims and Georgia.

The Declaration of Noel Azucena (Ex. 1), the principal of AICOM Corp Philippines ("AICOM"), further proves that this action does not arise out of any contacts the Charter Defendants may have had with Georgia. AICOM, not the

5

Charter Defendants (or even the AICOM entity named in the Amended Complaint),[3] sent the Fax to Plaintiff. (*Id.* ¶¶ 10, 14–15.) Prior to sending the Fax, AICOM called Plaintiff's New York office at its New York telephone number, (212) 760-2400, and obtained from Plaintiff its New York fax number, (917) 512-6132, and permission to send the Fax to Plaintiff. (*Id.* ¶ 14.) AICOM then sent the Fax from outside of Georgia to Plaintiff's New York office using the New York number provided to AICOM by Plaintiff. (*Id.* ¶¶ 11–12, 15.) Prior to reading Plaintiff's Complaint, AICOM was not even aware that Plaintiff had an office in Georgia. (*Id.* ¶ 13.)

### III. ARGUMENT AND CITATION OF AUTHORITY

**A. Plaintiff Must Allege a *Prima Facie* Case of Jurisdiction and then Carry the Burden of Producing Evidence that Satisfies the Georgia Long-Arm Statute and the Due Process Clause.**

This Court has succinctly described the two-step examination and the burden-shifting applicable to a personal jurisdiction analysis:

> A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction. A federal court sitting in diversity [or in a federal question case where

---

[3] AICOM has never had a contract with the Charter Defendants and did not seek or obtain approval to send the Fax (or any other facsimile) from the Charter Defendants. (Ex. 1 ¶ 18–19.) The Charter Defendants did not ask AICOM to send the Fax or otherwise approve the sending of the Fax (or any other facsimile). (*Id.* ¶ 20.) AICOM did not tell the Charter Defendants it was sending the Fax, and the Charter Defendants had no way to know AICOM was sending the Fax. (*Id.* ¶ 21.)

6

a federal statute, like the TCPA, is silent on service of process] undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. District courts in Georgia should take care not to conflate these two inquires because Georgia's long-arm statute does not provide jurisdiction that is coextensive with due process. Instead, the long-arm statute imposes independent obligations that a plaintiff must establish for the exercise of personal jurisdiction that are distinct from the demands of procedural due process.

If a plaintiff meets its initial burden by alleging sufficient facts to make a *prima facie* case for personal jurisdiction over a nonresident, and the defendant challenges jurisdiction and supports that challenge with affidavit evidence, the burden shifts back to the plaintiff to produce evidence supporting jurisdiction.

*Magellan Trading Co. v. Debt Mgmt. Ptrs.*, No. 1:14-cv-3928-MHC, 2015 WL 11438601, at *2 (N.D. Ga. July 1, 2015) (Cohen, J.) (internal citations and quotations omitted). As explained herein, Plaintiff has failed to carry its burden to establish a *prima facie* case for personal jurisdiction over the Charter Defendants. And even assuming Plaintiff had carried that burden, the record evidence (which Plaintiff cannot rebut) establishes that personal jurisdiction is improper under both the Long-Arm Statute *and* Due Process.

   **B.**  **Plaintiff Has Not Alleged a *Prima Facie* Case of Jurisdiction.**

Plaintiff's effort to establish a *prima facie* case of jurisdiction under the Long-Arm Statute is limited to a single allegation: "Personal jurisdiction exists over the

7

Charter Defendants in Georgia because Defendants have **transacted business and committed tortious acts within the State**, including sending a [sic] Plaintiff a fax in Georgia and converting Plaintiff's property or time in Georgia." (D.E. 44, ¶ 15 (emphasis added).)  This allegation refers to prongs 1 and 2 of the Georgia Long-Arm Statute, which provide for personal jurisdiction over a non-resident who "(1) Transacts any business *within this state*;" or "(2) Commits a tortious act or omission *within this state*," but only as to "a cause of action arising from" such acts in Georgia.  O.C.G.A. § 9-10-91(1), (2) (emphasis added).

As the Eleventh Circuit and this Court have recognized, "the long-arm statute is to be literally construed." *Magellan Trading*, 2015 WL 11438601, at *3; *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249 (11th Cir. 2010). "Accordingly, subsection (1) long-arm jurisdiction in Georgia expressly depends on the actual transaction of business—the doing of some act or consummation of some transaction—by the defendant *in the state*," which act or transaction gives rise to the claims at issue. *Diamond Crystal*, 593 F.3d at 1260 (emphasis added).  Jurisdiction under subsection (2) also depends on the doing of some tortious act *within Georgia* that gives rise to the claims at issue, and out-of-state acts will not suffice, ***including communications initiated outside of Georgia***:

> For purposes of personal jurisdiction under [subsection (2) of] Georgia's long-arm statute, Georgia courts have ruled that—when a

8

> defendant uses the telephone or email to contact a Georgia resident—defendant's conduct occurs at the place where defendant speaks into the telephone or types and sends his email. *See Anderson v. Deas*, 279 Ga. App. 892, 893–94, 632 S.E.2d 682 (Ga. Ct. App. 2006) (no personal jurisdiction existed over a defendant who made harassing telephone calls to a Georgia resident from another state); *Huggins v. Boyd*, 304 Ga. App. 563, 565, 697 S.E.2d 253 (Ga. Ct. App. 2010) (concluding—based on *Anderson*—that no personal jurisdiction existed over a nonresident defendant who emailed Georgia residents).

*LabMD, Inc. v. Tiversa, Inc.*, 509 Fed. Appx. 842, 844 (11th Cir. 2013) (holding there was no personal jurisdiction under subsection (2) because electronic communication out of which claims arose was initiated outside of Georgia).

Here, the face of Plaintiff's Amended Complaint (just like its original Complaint) is devoid of any factual, non-conclusory allegation that the Charter Defendants did some act or consummated some transaction in Georgia, much less that Plaintiff's claim arose out of such contacts. Indeed, the only pertinent factual allegation in the Amended Complaint regarding Georgia is Plaintiff's self-serving (and rebutted) allegation that it received the Fax in Georgia. (D.E. 44, ¶ 23.) The Amended Complaint does not allege that the Charter Defendants sent the Fax to Georgia, or that the Charter Defendants sent the Fax at all. (*Id.* at ¶¶ 1-2, 21-23.) Plaintiff merely claims that it received the Fax in Georgia but, even if it did, that would not constitute an act **_by_ the Charter Defendants _within_ Georgia** sufficient to satisfy the Long-Arm Statute under binding precedent. *See, e.g.*, *Tiversa, Inc.*,

9

509 Fed. Appx. at 844; *Anderson*, 279 Ga. App. at 893–94; *Huggins*, 304 Ga. App. at 565.  Therefore, Plaintiff has again failed to plead a *prima facie* case of personal jurisdiction, proving that it simply cannot do so.

### C. Plaintiff Cannot Satisfy the Georgia Long-Arm Statute.

And even assuming *arguendo* that Plaintiff had alleged a *prima facie* case, the Charter Defendants have submitted evidence proving that Plaintiff's claims do not arise out of any act the Charter Defendants committed within Georgia, and Plaintiff cannot refute this evidence.  *See Diamond Crystal*, 593 F.3d at 1260 ("[L]iterally transacting business within Georgia [out of which business the claim arises] remains a precondition to long-arm jurisdiction [under prong 1] that is independent from the dictates of due process."); *Innovative Clinical & Consulting Servs., LLC, v. First Nat'l Bank of Ames*, 279 Ga. 672, 676 (Ga. 2005) (affirming finding of no personal jurisdiction under literal construction of prong 2 because "no question of fact remains that the [defendant] did not commit a tortious act within Georgia").

Specifically, the undisputed evidence—*i.e.*, the exhibits attached to Plaintiff's Amended Complaint as well as the Declaration attached hereto—demonstrate the Fax: (a) was not sent by the Charter Defendants, (b) was not sent from Georgia, (c) was not sent to Georgia, (d) related to proposed services for Plaintiff's New York office, and (e) could not have been received in Georgia because it was directed to a

New York number.  (D.E. 44-1, pp. 4-5; Ex. 1, Azucena Decl. ¶¶ 10-17.)  In its Amended Complaint, Plaintiff disputes none of this evidence, all of which Charter cited in its Motion to Dismiss Plaintiff's initial Complaint.  (D.E. 40.)  And, again, even if the Fax *were* somehow received in Georgia despite AICOM sending it to Plaintiff's New York number, that receipt by Plaintiff still would not convey personal jurisdiction in Georgia under the Long-Arm Statute.  *See, e.g.*, *Tiversa, Inc.*, 509 Fed. Appx. at 844; *Anderson*, 279 Ga. App. at 893–94; *Huggins*, 304 Ga. App. at 565.  Thus, even if Plaintiff had pled a *prima facie* case of jurisdiction in its Amended Complaint, it could not carry its burden of proving, with evidence, that jurisdiction is proper in this Court under the Georgia Long-Arm Statute.

**D.     Plaintiff Cannot Satisfy the Due Process Clause.**

Finally, even if Plaintiff could somehow pass muster under the Georgia Long-Arm Statute, it still cannot satisfy Due Process requirements.  Under the Due Process Clause of the Fourteenth Amendment:

> [A] court may only exercise personal jurisdiction over a nonresident defendant if it has established "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  Importantly, the defendant's contacts with the forum state must be sufficient enough to give it fair warning that it could be haled into court there. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985).  A defendant is said to have fair warning if it "has purposefully directed [its] activities at

11

residents of the forum ... and the litigation results from alleged injuries that arise out of or relate to those activities." *Id.* at 472–73. If the court decides the defendant purposefully established minimum contacts with the forum state, it must then consider other factors to determine if the assertion of personal jurisdiction would comport with "fair play and substantial justice." *Id.* at 476 (quoting *Int'l Shoe Co.*, 326 U.S. at 320).

*Magellan*, 2015 WL 11438601, at *4.

Here, Plaintiff has not alleged any facts demonstrating the Charter Defendants purposefully directed activity toward Georgia that gave rise to Plaintiff's alleged claims. Moreover, the record evidence demonstrates the Charter Defendants did not send the Fax at all and, regardless, the Fax was not sent from or to Georgia. (D.E. 44-1, pp. 4–5; Ex. 1, Azucena Decl. ¶¶ 11–17.) Further, the Fax proposed service at Plaintiff's New York office, not Georgia. (D.E. 44-1, pp. 4–5.) Because the Charter Defendants did not purposefully direct the Fax to Georgia, Plaintiff cannot establish personal jurisdiction over the Charter Defendants for this additional, independent reason. *See Michaels v. Micamp Merch. Servs.*, No. CIV.A. 13-191E, 2013 WL 5970340, at *4 (W.D. Pa. Nov. 8, 2013) (finding no personal jurisdiction in Pennsylvania in TCPA case where plaintiff had Florida area code but happened to answer telephone while in Pennsylvania).

### E.   This Case Should Be Transferred Based on Lack of Personal Jurisdiction.

Where, as here, there is a lack of personal jurisdiction, the Eleventh Circuit recognizes that either dismissal or transfer "in the interest of justice" under 28 U.S.C. § 1406(a)[4] is appropriate. *See Manley v. Engram*, 755 F.2d 1463, 1467 n.8 (11th Cir. 1985) ("Although [28 U.S.C. § 1406(a)] speaks only of cases where 'venue' in the original forum is wrong, it has been held to operate when there exists in the original forum an obstacle—whether incorrect venue, absence of personal jurisdiction, or both—to a prompt adjudication on the merits."). Transfer in the interest of justice based on lack of personal jurisdiction is also authorized under 28 U.S.C. § 1631, which provides: "Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . . ."

Here, personal jurisdiction is lacking in this Court, and the face of the Fax indicates it was directed to Plaintiff's New York office. Thus, the Southern District

---

[4] Section 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

13

of New York, where Plaintiff's office is located (D.E. 44-1, p. 3), is the court with the strongest connection to Plaintiff's claims and perhaps the only court where both specific personal jurisdiction and venue would be proper. Further, according to Plaintiff's own allegations in the Amended Complaint, both Plaintiff and the Charter Defendants have a strong connection to New York, New York. (D.E. 44, ¶¶ 8, 10–11.)

As such, to the extent Plaintiff somehow contends it can pursue this action in good faith after the D.C. Circuit's decision in *Bais Yaakov*, the interest of justice supports transferring this case to the Southern District of New York. *See, e.g.*, *Ahead, LLC v. Kasc, Inc.*, No. C13-0187, 2013 WL 1747765, at *1 (W.D. Wash. Apr. 23, 2013) (transferring venue under 28 U.S.C. § 1406(a) after finding "case bears a stronger connection" to transferee district); *The Turfgrass Group, Inc. v. Carolina Fresh Farms, Inc.*, No. 3:09-cv-125, 2010 WL 1418353, at *3 (M.D. Ga. Apr. 6, 2010) (transferring venue under 28 U.S.C. § 1406(a) to district in which "a substantial part of the acts and omissions giving rise to Plaintiffs' claims occurred").

## IV.   CONCLUSION

Despite full knowledge of the facts and arguments laid out in the Charter Defendants' Motion to Dismiss the original Complaint and the Azucena Declaration, Plaintiff's Amended Complaint still alleges at most that AICOM, a non-resident of

14

Georgia, sent the Fax from outside of Georgia to Plaintiff's New York fax number, proposing service at Plaintiff's New York office. Having alleged no facts demonstrating that the Charter Defendants did some act or consummated some transaction within Georgia—much less that its claim arose out of acts that the Charter Defendants specifically directed at Georgia—Plaintiff has not stated a *prima facie* case of personal jurisdiction. Nor *can* Plaintiff carry its burden of establishing personal jurisdiction under both the Georgia Long-Arm Statute and the Due Process Clause, as the indisputable evidence cited herein establishes. Accordingly, to the extent Plaintiff intends to pursue its claims following *Bais Yaakov* (it is unclear how it could do so in good faith), Plaintiff's Amended Complaint should be dismissed for lack of personal jurisdiction and transferred to the Southern District of New York, pursuant to 28 U.S.C. § 1406(a) and/or § 1631.

Respectfully submitted, this 20th day of June, 2017.

By: /s/ Ryan D. Watstein
Ryan D. Watstein
Georgia Bar No. 266019
Email: rwatstein@kcozlaw.com
C. Celeste Creswell
Georgia Bar No. 196077
Email: ccreswell@kcozlaw.com
Daniel H. Gaynor
Georgia Bar No. 351612
Email: dgaynor@kcozlaw.com

KABAT CHAPMAN & OZMER LLP
171 17th Street NW, Ste. 1550
Atlanta, GA 30363
Telephone: 404-400-7300

*Counsel for Defendants*

## RULE 7.1(D) CERTIFICATE

The undersigned counsel certifies that this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C).

/s/ Ryan D. Watstein
RYAN D. WATSTEIN

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2017, I electronically filed the foregoing in the United States District Court for the Northern District of Georgia using the CM/ECF system which will automatically send e-mail notification of such filing to any counsel that has entered an appearance.

This 20th day of June, 2017.

/s/ Ryan D. Watstein
RYAN D. WATSTEIN