IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LAW OFFICES OF SHIMSHON WEXLER, P.C., a New York professional company, individually and as the representative of a class of similarly-situated persons,<br><br>    Plaintiff,<br><br>v.<br><br>AICOM SOLUTIONS LLC d/b/a AICOM CORPORATION; TIME WARNER CABLE LLC d/b/a SPECTRUM; TIME WARNER CABLE MEDIA LLC; CHARTER COMMUNICATIONS INC.; CHARTER COMMUNICATIONS OPERATING LLC; and JOHN DOES 1–10,<br><br>    Defendants. | Case No. 1:17-cv-1084-MHC<br><br>CLASS ACTION |

**PLAINTIFF'S MOTION TO STAY BRIEFING AND DEFER RULING ON CHARTER DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND TO TRANSFER TO THE SOUTHERN DISTRICT OF NEW YORK, AND MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY ON CHARTER DEFENDANTS' AFORESAID MOTION**

Plaintiff Law Offices of Shimshon Wexler, P.C. ("Plaintiff") moves the Court to stay briefing and defer ruling on Charter Defendants motion to dismiss Amended Complaint for lack of personal jurisdiction and to transfer to the Southern District of New York, and further moves for leave to conduct

jurisdictional discovery on Charter Defendants' aforesaid motion. In support, Plaintiff states:

1. This action is brought pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and alleges that Defendant AICOM Solutions LLC d/b/a AICOM Corporation ("AICOM"), acting on behalf of the "Charter Defendants," sent an unsolicited fax advertisement to Plaintiff in Georgia in violation of the TCPA.

2. The Charter Defendants have filed a motion challenging the Court's personal jurisdiction over them, and seeking transfer of this case to the United States District Court for the Southern District of New York. ECF 46.

3. In their motion, and in the declaration attached thereto and incorporated therein by reference (ECF 46-1), the Charter Defendants (and their declarant) assert, among other things: (a) that the Charter Defendants had no involvement whatsoever in the transmission of the subject fax to Plaintiff; (b) that Plaintiff's fax number had a 917 area code and therefore somebody would have expected it would be received in New York, the subject fax was intended to be sent to New York, and it was unknown that Plaintiff actually resided in Georgia and would receive the fax in Georgia; and (c) that an AICOM employee communicated with Plaintiff before sending the subject fax and obtained Plaintiff's prior express invitation or permission to send the

subject fax. Based on the first two assertions, the Charter Defendants argue that the Court lacks personal jurisdiction over them in this action.

4.  To the extent the Charter Defendants are relying on the alleged lack of any relationship with AICOM, business or otherwise, having anything to do with AICOM's sending of the subject fax, the Charter Defendants' jurisdictional motion is based on a factually disputed issue. Similarly, to the extent the Charter Defendants are relying on the 917 area code of Plaintiff's fax number to support the argument that it was unknown that Plaintiff resided in Georgia and would receive the fax in Georgia, the Charter Defendants' jurisdictional motion is based on a factually disputed issue.

5.  Given these factual disputes, which by the Charter Defendants' own arguments are germane to the outcome of their jurisdictional motion, Plaintiff should be permitted to conduct jurisdictional discovery.[1]

6.  In *Connor v. Lifewatch, Inc.*, Civil Action No. 2:13-03507-CWH, 2014 WL 4198883 (D. S.C. Aug. 20, 2014), the plaintiff sued two defendants under the TCPA. One of the defendants moved for dismissal based on lack of personal jurisdiction, disputing the plaintiff's allegations of his involvement in the alleged TCPA violation. The plaintiff requested "time for discovery on

---

[1] Plaintiff does not concede that these factual averments, even if true, would entitle the Charter Defendants to the relief requested in their motion. Nevertheless, because the Charter Defendants are relying on these factual averments, Plaintiff should be permitted to conduct discovery related thereto.

3

the jurisdictional issue"—*i.e.*, leave to conduct discovery regarding the extent of the movant defendant's involvement in the faxing at issue. The court denied the defendant's jurisdictional motion without prejudice to re-filing after limited discovery, and granted the plaintiff's request for such discovery.

7. Similarly, in *Spiegel v. Reynolds*, No. 15 C 8504, 2016 WL 6877625 (N.D. Ill. Nov. 22, 2016), the plaintiff sued several defendants under the TCPA, and two of those defendants moved to dismiss based on lack of personal jurisdiction, claiming that they had no involvement in the alleged TCPA violations. The court denied those defendants' motion without prejudice "so that they may file another Rule 12 (b) (2) motion to dismiss if, after jurisdictional discovery, the facts still support the motion." *Id.* at \*1. In so doing, the court noted:

> When personal jurisdiction is challenged under Federal Rule of Civil Procedure 12 (b) (2) and material facts necessary to rule on the issue are in dispute, the Court must grant discovery and hold an evidentiary hearing to resolve the dispute.

*Id.* at \*2 (citing *Hyatt Int'l. Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). The court observed that the movant defendants' challenge to personal jurisdiction placed their relationship to and involvement with the other defendants in issue, thus warranting fact-finding by the court. *Id.* at \*4 ("[T]he Court must engage in fact-finding"). The court determined that discovery by the parties should precede such fact-finding by the court:

4

> And before engaging in the necessary fact-finding (including, potentially, an evidentiary hearing), the parties will be authorized to conduct discovery on the question of personal jurisdiction of the [movants].

*Id*. The court went further, providing examples of the kinds of information that could be relevant to the factual issues raised by the movants' motion:

> A period of jurisdictional discovery will be allowed. Discovery may reveal additional facts that would be helpful to resolving this factual dispute. For example, the services contract entered into by ACS and the Society [two non-movant defendants], and the performance of the contract, may shed light on the relationship between ACS and the [movants], as well as the extent to which the [movants] knew of the alleged telemarketing calls into Illinois. Communications between the [movants] and ACS also likely will be relevant.

*Id.* at *6. On this basis, the court denied the movants motion without prejudice, pending the completion and results of the discovery the court authorized. *Id.*

8. As in *Connor* and *Spiegel, supra,* in the case at bar the Charter Defendants have placed their relationship with AICOM, and their knowledge or involvement in the subject faxing, at issue in their jurisdictional motion. As in *Connor* and *Spiegel,* Plaintiff should be permitted to conduct relevant jurisdictional discovery into the Charter Defendants' relationship(s), knowledge and involvement.

9. The Charter Defendants' motion (and attached declaration) seems to imply that AICOM's involvement in marketing the Charter

5

Defendants' goods or services was some kind of "rogue" operation. Jurisdictional discovery will reveal whether that representation is true or not.

10. Also, as indicated, the Charter Defendants' jurisdictional motion avers that in a telephone call with Plaintiff, AICOM obtained prior permission or consent from Plaintiff to send the subject fax. Yet at the same time, the Charter Defendants argue that Plaintiff's residence in Georgia was unknown to them or to AICOM. On the one hand, Plaintiff denies that any such telephone call occurred, and further denies that he gave prior express permission or consent to receive advertising faxes. On the other hand, to the extent the Charter Defendants rely on that supposed telephone call, and the contents thereof, Plaintiff should be permitted to conduct discovery related thereto. Among other things, Plaintiff should be permitted to obtain discovery of the following:

- What was the date and time of the call;
- What number was the call placed from;
- What number was the call placed to;
- What long distance carrier would have transmitted the call;
- Who made the call;
- Who identified himself/herself as the recipient of the call;
- What was the duration of the call;

- Was the call recorded;

- Was a script used during the call, and if so, what did the script say;

- Was the content of the call memorialized in any manner, and if so, in what manner, by whom, and when; and

- What evidence do Defendants have to prove these matters.

The foregoing is relevant because if, in fact, AICOM spoke by telephone with Plaintiff, which Plaintiff denies, then the content of that call could have a bearing on whether AICOM knew or should have known that a fax sent to Plaintiff's New York area code fax number would actually be received in Georgia.

11. Prior to filing this motion, Plaintiff's counsel communicated with counsel for the Charter Defendants regarding their position on the relief requested herein. Counsel for the Charter Defendants advised Plaintiff's counsel that the Charter Defendants oppose the relief requested herein.

12. The instant motion is not filed for any improper purpose, but rather to ensure that the Court's ultimate ruling on the Charter Defendants' jurisdictional motion is based upon a developed evidentiary record bearing on the issues raised in the jurisdictional motion.

WHEREFORE, Plaintiff prays this Honorable Court grant the instant motion, stay briefing and defer ruling on the Charter Defendants'

jurisdictional motion, grant Plaintiff leave to conduct jurisdictional discovery, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

LAW OFFICES OF SHIMSHON WEXLER, P.C., a New York professional company, individually and as the representative of a class of similarly-situated persons,

By: /s/ Daniel J. Cohen
One of Plaintiff's Attorneys

| | |
|---|---|
| C. Samuel Rael | Phillip A. Bock (*pro hac vice*) |
| GA Bar No. 591750 | Daniel J. Cohen (*pro hac vice*) |
| Office of C. Samuel Rael | James M. Smith (*pro hac vice*) |
| 2221 Peachtree Street | Bock, Hatch, Lewis & Oppenheim, LLC |
| Suite D114 | 134 N. La Salle St., Ste. 1000 |
| Atlanta, GA 30309 | Chicago, IL 60602 |
| Telephone: 404-522-2555 | Telephone: 312-658-5500 |
| Samuelrael@gmail.com | Facsimile: 312-658-5555 |
| | Phil@classlawyers.com |
| | Dan@classlawyers.com |
| | Jim@classlayers.com |

*Attorneys for Law Offices of Shimshon Wexler, P.C.*

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on July 5, 2017, he caused a copy of the foregoing to be served upon all counsel of record by filing the motion with the Court's CM/ECF system.

/s/ Daniel J. Cohen