IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LAW OFFICES OF SHIMSHON WEXLER, P.C., a New York professional company, individually and as the representative of a class of similarly-situated persons, <br><br> Plaintiff, <br><br> v. <br><br> AICOM SOLUTIONS LLC d/b/a AICOM CORPORATION; TIME WARNER CABLE LLC d/b/a SPECTRUM; TIME WARNER CABLE MEDIA LLC; CHARTER COMMUNICATIONS INC.; CHARTER COMMUNICATIONS OPERATING LLC; and JOHN DOES 1–10, <br><br> Defendants. | Case No. 1:17-cv-1084-MHC <br><br> CLASS ACTION |

**PLAINTIFF'S INTERIM RESPONSE TO CHARTER DEFENDANTS'
MOTION TO DISMISS AMENDED COMPLAINT FOR LACK OF
PERSONAL JURISDICTION AND TO TRANSFER TO THE
<u>SOUTHERN DISTRICT OF NEW YORK</u>**

# **TABLE OF CONTENTS**

I.  Introduction……………………………………..…………………...3

II. This "interim" response is subject to supplementation
    following jurisdictional discovery……………………………….......3

III. Summary of the Charter Defendants' jurisdictional motion………....3

IV. Plaintiff's objection to the Charter Defendants' declaration………….5

V.  Argument and citation of authority……………………………….….6

VI. Conclusion……………………………………………………………14

I.

# Introduction

Plaintiff Law Offices of Shimshon Wexler, P.C. ("Plaintiff") submits the following interim response to the Charter Defendants motion to dismiss Amended Complaint for lack of personal jurisdiction and to transfer to the Southern District of New York.

II.

# This "interim" response is subject to supplementation following jurisdictional discovery.

Plaintiff has filed a motion to stay briefing and defer ruling on the Charter Defendants' jurisdictional motion, and for leave to conduct jurisdictional discovery. ECF !!!. In the event the Court grants that motion, Plaintiff would anticipate filing a supplemental response to the Charter Defendants' jurisdictional motion addressing the results of the jurisdictional discovery. However, in the interim, Plaintiff files this response to the Charter Defendants' jurisdictional motion.

III.

# Summary of the Charter Defendants' jurisdictional motion

The Charter Defendants' jurisdictional motion appears to assert and rely upon four fundamental propositions:

- First, that the Charter Defendants had no involvement whatsoever in sending the subject fax advertisement to Plaintiff (*i.e.*, they cannot be

subject to personal jurisdiction in Georgia for something in which they had no involvement);

- Second, a TCPA violation occurs when the fax is sent, and where the fax is sent from, not when and where the fax is received (*i.e.*, any alleged tort resulting from the subject fax transmission occurred, and the cause of action arose, outside Georgia);

- Third, that neither the Charter Defendants, nor Defendant AICOM Solutions LLC d/b/a AICOM Corporation, or any other AICOM entity (collectively, "AICOM"), knew or should have known that Plaintiff resided in Georgia at the time of the subject fax transmission, such that Plaintiff would receive the fax in Georgia, because the fax number to which the subject fax was transmitted had a New York area code (*i.e.*, they cannot be found to have purposely directed the subject fax into Georgia if they did not know, and had no reason to know, that Plaintiff would receive the subject fax, sent to a New York area code, in Georgia); and

- Fourth, that the exercise of personal jurisdiction over the Charter Defendants would exceed the Constitutional limits of due process.

Plaintiff respectfully submits that the Charter Defendants are incorrect in all four of the foregoing respects.[1]

---

[1] The Charter Defendants' motion also asserts, and incorporates a declaration attesting, that AICOM communicated by telephone with Plaintiff in advance of sending the subject fax, and obtained Plaintiff's prior express invitation or permission to send the fax. On the one hand, this representation of fact is irrelevant to the issue of personal jurisdiction, and so Plaintiff will not spend time responding to it in this filing. On the other hand, Plaintiff's declaration—attached hereto as Exhibit A, and incorporated herein by reference—expressly denies that the telephone call occurred, or that Plaintiff gave prior express invitation or permission to anyone to send the subject fax. Ex. A at ¶¶ 13-16.

4

## IV.

**Plaintiff's objection to the Charter Defendants' declaration**

Plaintiff objects to the declaration attached to and incorporated by reference in the Charter Defendants' jurisdictional motion. In order to be admissible, testimony in an affidavit or declaration must lay an adequate foundation. The declaration offered by the Charter Defendants fails to do so. The declarant vaguely and generically states that she knows what she knows based upon review of unspecified company documents and information, and knowledge of supposed policies and procedures. The documents, original sources of information, and copies of the policies and procedures in question, are not attached to the declaration. Simply put, a defendant cannot evade the jurisdiction of a court through a conclusory declaration that lacks foundation. Plaintiff objects to the declaration accordingly, and asks that the Court give it no weight.

V.

**Argument and citation of authority.**

A. **The Charter Defendants' involvement in sending the subject fax to Plaintiff.**

    1. **The Charter Defendants' involvement in sending the subject fax is a disputed factual issue as to which Plaintiff should be granted leave to conduct jurisdictional discovery.**

As detailed in Plaintiff's motion to stay briefing and defer ruling on the Charter Defendants' jurisdictional motion, and for leave to conduct jurisdictional discovery, incorporated herein by reference, the extent to which the Charter Defendants were involved in sending the subject fax to Plaintiff is a disputed factual issue as to which Plaintiff should be granted leave to conduct jurisdictional discovery. If the Court grants Plaintiff leave to conduct such jurisdictional discovery, Plaintiff reserves the right to file a supplemental response to the Charter Defendants' jurisdictional motion addressing the results of such discovery.

    2. **The Charter Defendants' involvement in sending the subject fax is legally irrelevant to the Court's personal jurisdiction over the Charter Defendants.**

The Charter Defendants' argument based on their claim of no involvement in sending the subject fax to Plaintiff is misguided because its premise is legally flawed. Exercising its regulatory authority over the TCPA,

6

the Federal Communications Commission ("FCC") has defined the liable "sender" as:

> [T]he entity on whose behalf a facsimile unsolicited advertisement is sent or whose goods **or** services are advertised or promoted in the unsolicited advertisement.

47 C.F.R. § 64.1200 (f) (10) (emphasis added); *see also Palm Beach Golf Ctr.- Boca, Inc. v. Sarris*, 781 F.3d 1245, 1257 (11th Cir. 2015) (deferring to the FCC's construction of the TCPA and definition of "sender"). Neither of these two independent qualifiers for "sender" status under this definition depend in any manner upon the extent of the sender's involvement in sending the unlawful fax advertisement. To the contrary, if the fax was sent on behalf of the defendant, then the defendant is the liable "sender," or alternatively, if the defendant's goods or services were advertised in the fax, then the defendant is the liable "sender."

The Charter Defendants' argument that they had no involvement in sending the subject fax is simply irrelevant to their liability under the TCPA, and therefore is irrelevant to an analysis of this Court's personal jurisdiction over them. Here, Plaintiff's Amended Complaint alleges that the subject fax was sent on behalf of the Charter Defendants, and also alleges that the Charter Defendants' goods or services were advertised in the subject fax. Each of these allegations independently suffices to plead the Charter Defendants' liability under the TCPA for the fax sent to Plaintiff, and their

7

allegation and "evidence" that they had no involvement in sending the fax is simply a red herring.

*Bagg v. USHealth Group, Inc.*, Case No. 6:15-cv-1666-Orl-37GJK, 2016 WL 1588666 (M.D. Fla. Apr. 20, 2016), is instructive. There it was undisputed that a subsidiary corporation, USH Advisors, actually sent the fax at issue to the plaintiff, but the plaintiff sued not only that subsidiary, but also the parent corporation, USH Group, alleging that the subsidiary sent the fax on behalf of the parent. *Id.* at *1. The parent moved to dismiss for lack of personal jurisdiction and, just like the Charter Defendants in the case at bar, offered affidavit testimony attesting that it had no involvement in the subsidiary's sending of the fax. *Id.* at *2. The court found the parent's argument misguided, and its evidence irrelevant, because the parent's involvement was irrelevant to its TCPA liability for an unlawful fax sent by the subsidiary on behalf of the parent. *Id.* at *3.

The court concluded that "USH Advisors sent the fax to advertise USH Group's products and services on behalf of USH Group." *Id. See also id.* ("Plaintiffs sufficiently establish that USH Group is a 'sender' of the fax for purposes of the TCPA"); *Helping Hand Caregivers, Ltd. v. Darden Rests., Inc.*, No. 14-cv-10127, 2015 WL 2330197, at *2 (N.D. Ill. May 14, 2015) (holding fax itself supported inference it was sent on behalf of the defendant even

though it was sent by a different company, because it bore the defendant's logo and indicated the defendant and the sender were working together).

Similarly here, AICOM sent the subject fax on behalf of the Charter Defendants, and under the TCPA, that is enough to hold the Charter Defendants liable as the "senders" of the fax. To the extent the Charter Defendants argue otherwise, or try to turn this issue into one of personal jurisdiction, they are simply incorrect.

**B.    The location from which the fax was sent versus the location to which the fax was sent.**

The Charter Defendants next argue that personal jurisdiction over them in Georgia is lacking because the statutory TCPA violation occurs in the "sending" of the unlawful fax, not in the "receiving" of the unlawful fax, and therefore, the proper jurisdiction would be the jurisdiction from which the fax was sent, not Georgia where Plaintiff received it.[2] In support of this argument, the Charter Defendants cite non-TCPA cases, which is not surprising because the prevailing TCPA case law indicates that the venue in which the unlawful fax was received is a proper jurisdiction in which the lawsuit may be brought.

---

[2]    Plaintiff is constrained to note the inconsistency between the Charter Defendants' argument in this regard and its request that this case be transferred to the Southern District of New York. If the location to which the fax was sent and received is irrelevant, then the fact that, according to the Charter Defendants, the fax was intended for New York would be irrelevant.

In *Lary v. The Doctors Answer, LLC*, Civil Action No. CV-12-S-3510-NE, 2013 WL 987879 (N.D. Ala. Mar. 8, 2013), the court rejected the TCPA defendants' argument that personal jurisdiction over them in Alabama was lacking for an unlawful fax sent from New Jersey to Alabama. *Id.* at *3-4. In *Van Sweden Jewelers, Inc. v. 101 VT, Inc.*, No. 1:10-CV-253, 2012 WL 4074620 (W.D. Mich. June 21, 2012), the court rejected the TCPA defendants' argument that personal jurisdiction over them in Michigan was lacking for an unlawful fax sent from California to Michigan. *Id.* at *1. *See also Payton v. Kale Realty, LLC*, Case No. 13 C 8002, 2014 WL 4214917, at *3 (N.D. Ill. Aug. 26, 2014) ("sending a message into the forum state in violation of the TCPA is sufficient to confer specific personal jurisdiction over the defendant"); *Luna v. Shac, LLC,* No. C14-00607, 2014 WL 3421514, at *4 (N.D. Cal. July 14, 2014) (same); *Baker v. Caribbean Cruise Line, Inc.*, No. CV 13-8246, 2014 WL 880634, at *2 (D. Ariz. Mar. 6, 2014) (same); *Hudak v. Berkley Grp., Inc.*, No. 3:13-CV-00089, 2014 WL 354676, at *2-3 (D. Conn. Jan. 23, 2014) (same); *Heidorn v. BDD Mktg. & Mgmt. Co., LLC*, No. C-13-00229, 2013 WL 6571629 (N.D. Cal. Aug. 19, 2013), *report and recommendation adopted*, 13-CV-00229-YGR, 2013 WL 6571168 (N.D. Cal. Oct. 9, 2013) (same).

**C.      The New York area code for Plaintiff's fax number, and Plaintiff's residence and receipt of the fax in Georgia.**

      **1.      The extent to which any Defendants knew, or could or should have known, that the fax sent to Plaintiff would be**

> **received in Georgia is a disputed factual issue as to which Plaintiff should be granted leave to conduct jurisdictional discovery.**

As detailed in Plaintiff's motion to stay briefing and defer ruling on the Charter Defendants' jurisdictional motion, and for leave to conduct jurisdictional discovery, incorporated herein by reference, the extent to which any Defendants knew, or could or should have known, that the fax sent to Plaintiff would be received in Georgia is a disputed factual issue as to which Plaintiff should be granted leave to conduct jurisdictional discovery. If the Court grants Plaintiff leave to conduct such jurisdictional discovery, Plaintiff reserves the right to file a supplemental response to the Charter Defendants' jurisdictional motion addressing the results of such discovery.

**2.   The extent to which any Defendants knew, or could or should have known, that the fax sent to Plaintiff would be received in Georgia is not dispositive of personal jurisdiction over Defendants.**

The Charter Defendants rely on *Michaels v. Micamp Merchant Svcs.*, Civil Action No. 13-191E, 2013 WL 5970340 (W.D. Pa. Nov. 8, 2013), for its holding that telephone calls allegedly violating the TCPA, made to the Florida plaintiff's Florida cell phone number, but received while the plaintiff was traveling in Pennsylvania, did not create personal jurisdiction over the defendants in Pennsylvania. Plaintiff acknowledges that *Michaels* so holds, but Plaintiff respectfully submits that *Michaels* is distinguishable because

11

the plaintiff did not receive the call in the state of her residence, but rather received the call while she was out of town. To hold that personal jurisdiction attaches to a defendant in any state where a recipient receives a TCPA-violative communication, irrespective of whether it is his/her state of residence or domicile, would expose defendants to unlimited jurisdictional attachment. *Michaels* did not involve the situation in the case at bar—*i.e.*, a plaintiff receiving a communication that violates the TCPA in the Plaintiff's state of residence.

More persuasive, and more on point, is *Jones v. Revenue Assistance Program*, Civil Action No. 15-14017-NMG, 2016 WL 3919843 (D. Mass. Uly 14, 2016). There the defendant directed an unlawful telemarketing call in violation of the TCPA to the plaintiff in Massachusetts, which was the plaintiff's state of residence. The defendant argued that the Massachusetts court did not have personal jurisdiction over it:

> Frontier responds that because it has no business relationship with plaintiff and no customers in Massachusetts, plaintiff's claims did not arise out of its "limited customer service activities that spilled over into Massachusetts" from states in which it service clients. * * * Frontier contends that it could not reasonably foresee that it would be "sued by non-existent customers in Massachusetts" and submits that it would be unreasonable to subject it to personal jurisdiction in every state in which its customers happened to receive calls.

*Id.* at *5. The court rejected the defendant's argument, holding that it had personal jurisdiction over the defendant because "Massachusetts, similar to

12

all states, has an interest in adjudicating this dispute because it involves unsolicited, commercial calls made to one of its residents." *Id.* at *6.

Plaintiff respectfully submits that *Jones* applies to the facts in the case at bar. Apparently, Defendants' goal was to advertise by fax to recipients in New York but, like the defendant in *Jones*, their commercial calls spilled over into Georgia, causing TCPA statutory harm to Plaintiff, a Georgia resident. Plaintiff submits that Georgia, "similar to all states, has an interest in adjudicating this dispute because it involves unsolicited, commercial [faxes] made to one of its residents." *Id.* at *6.

**D.   Constitutional Considerations.**

Finally, the Charter Defendants argue that even assuming personal jurisdiction exists under state law—as it obviously does because Defendants committed a tort in Georgia, *see supra*—the exercise of personal jurisdiction over them would violate Constitutional due process. This argument is wrong for at least two basic reasons. First, as the Charter Defendants repeatedly reminded the Court in their motion, personal jurisdiction under Georgia law is not as broad as federal Constitutional due process. Therefore, if personal jurisdiction exists over the Charter Defendants under the narrower Georgia law (as it does), then *a fortiori* personal jurisdiction exists under the broader federal Constitutional analysis. Second, several of the cases cited earlier herein, in which the courts found personal jurisdiction over defendants in the

13

states to which they sent faxes in violation of the TCPA, involved states whose long-arm jurisdiction was co-extensive with federal Constitutional due process limits, and so those court simply evaluated the personal jurisdiction under the federal due process standard. As indicated, those courts uniformly held that personal jurisdiction existed.

## VI.

## Conclusion

For all of the foregoing reasons, Plaintiff prays this Honorable Court deny the Charter Defendants' jurisdictional motion, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

LAW OFFICES OF SHIMSHON WEXLER,
P.C., individually and as the representative of
a class of similarly-situated persons,

By: /s/ James M. Smith

Phillip A. Bock (admitted *pro hac vice*)
Daniel J. Cohen (admitted *pro hac vice*)
James M. Smith (admitted *pro hac vice*)
Bock, Hatch, Lewis & Oppenheim, LLC
134 N. La Salle St., Ste. 1000
Chicago, IL 60602
Telephone: 312-658-5500
Facsimile: 312-658-5555
James@classlayers.com

*Attorneys for Law Offices of Shimshon Wexler, P.C.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 5, 2017, I electronically filed *Plaintiff's Interim Response to Charter Defendants' Motion to Dismiss Amended Complaint for Lack of Personal Jurisdiction and to Transfer to the Southern District of New York* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

By: /s/ James M. Smith

Phillip A. Bock (admitted *pro hac vice*)
Daniel J. Cohen (admitted *pro hac vice*)
James M. Smith (admitted *pro hac vice*)
Bock, Hatch, Lewis & Oppenheim, LLC
134 N. La Salle St., Ste. 1000
Chicago, IL 60602
Telephone: 312-658-5500
Facsimile: 312-658-5555
James@classlayers.com

*Attorneys for Law Offices of Shimshon Wexler, P.C.*