IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LAW OFFICES OF SHIMSHON WEXLER, P.C., a New York professional company, individually and as the representative of a class of similarly-situated persons,<br><br>Plaintiff,<br><br>v.<br><br>AICOM SOLUTIONS LLC, d/b/a AICOM Corporation, TIME WARNER CABLE LLC, d/b/a Spectrum, TIME WARNER CABLE MEDIA LLC, CHARTER COMMUNICATIONS INC., CHARTER COMMUNICATIONS OPERATING LLC, and JOHN DOES 1-10,<br><br>Defendants. | CIVIL ACTION FILE<br><br>NO. 1:17-CV-1084-MHC |

## ORDER

This case comes before the Court on Defendants Time Warner Cable LLC, d/b/a Spectrum, Time Warner Cable Media LLC, Charter Communications Inc., and Charter Communications Operating LLC (collectively, the "Charter Defendants")'s Motion to Dismiss for Lack of Personal Jurisdiction and to

Transfer [Doc. 46] and Plaintiff the Law Offices of Shimshon Wexler, P.C.'s Motion to Stay Briefing and for Leave to Conduct Jurisdictional Discovery [Doc. 47] ("Pl.'s Mot. to Stay").

## I.  BACKGROUND

Plaintiff Shimshon Wexler, P.C., is a New York professional company and law office that expanded its practice from New York to Georgia in June of 2015, and now has its principal place of business in Decatur, Georgia. Am. Compl. [Doc. 44] ¶¶ 8, 21. The Charter Defendants are national providers of cable television, internet, and digital telephone services. Id. ¶ 17.

On or about December 14, 2016, Plaintiff alleges that it received a fax at its Decatur office promoting the Charter Defendants' voice over internet protocol technology and services. Id. ¶ 23; see Dec. 14, 2016 Fax [Doc. 44-1] ("Dec. 14 Fax"). Although the fax indicates that an employee of Defendant AICOM Solutions, LLC ("AICOM"), John Martin, contacted Plaintiff prior to sending the advertisement, it does not state that that Martin requested or received express permission to send the fax to Plaintiff, and does not include the mandatory opt-out notice required by 47 C.F.R. § 64.1200(a)(4). Am. Compl. ¶¶ 27, 29; see Dec. 14 Fax. Plaintiff denies ever inviting or giving permission to any Defendant to send any advertisements to its fax machine. Am. Compl. ¶ 28.

Based on the above allegations, Plaintiff brings this action against all defendants on behalf of itself as well as on behalf of a proposed class defined as follows:

> Each person that was sent one or more telephone facsimile messages from "Time Warner Cable" after February 24, 2013, promoting the commercial availability of digital telephone or internet services but not stating on its first page that the recipient may make a request to the sender not to send any future ads and that failure to comply with such a request within 30 days is unlawful.

Id. ¶ 32. Specifically, Plaintiff brings claims for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, which prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine," id. § 227(b)(1) (Count I), and for conversion (Count II), based on the allegation that Defendants unlawfully converted Plaintiff's fax machines, paper, toner, and time to their own use.

The Charter Defendants have moved to dismiss this action for lack of personal jurisdiction, arguing that Plaintiff's receipt of a fax in Georgia, standing alone, is insufficient to satisfy Georgia's long-arm statute, and requesting that the Court transfer this action to the Southern District of New York.

## II. LEGAL STANDARD

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to

3

make out a prima facie case of jurisdiction." Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1257 (11th Cir. 2010) (citation omitted); see also Posner v. Essex Ins. Co., Ltd., 178 F.3d 1209, 1214 (11th Cir. 1999). "A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." Diamond Crystal, 593 F.3d at 1257-58 (citation omitted). District courts in Georgia cannot conflate these two inquires because Georgia's long-arm statute does not provide personal jurisdiction that is coextensive with due process. Id. at 1259. Instead, the long-arm statute "imposes independent obligations that a plaintiff must establish for the exercise of personal jurisdiction that are distinct from the demands of procedural due process." Id. (footnote omitted).

The plaintiff bears the initial burden of alleging sufficient facts to make a *prima facie* case for personal jurisdiction over a nonresident. Id. at 1257. If the defendant challenges jurisdiction and supports the challenge with affidavit evidence, the burden shifts back to the plaintiff to produce evidence supporting jurisdiction. Id. "Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in

favor of the plaintiff." Id. (citation omitted). "The court construes the allegations in the complaint as true to the extent that they are uncontroverted by defendant's evidence." Paul, Hastings, Janofsky & Walker, LLP v. City of Tulsa, Okla., 245 F. Supp. 2d 1248, 1253 (N.D. Ga. 2002).

### III. DISCUSSION

#### A. The Charter Defendants' Motion to Dismiss for Lack of Personal Jurisdiction

The Charter Defendants argue that Plaintiff's alleged receipt of a fax at its Decatur office—the only factual allegation in the Complaint concerning Georgia—is insufficient to satisfy Georgia's long-arm statute, O.C.G.A. § 9-10-91. Plaintiff's Amended Complaint premises jurisdiction on subsections (1) and (2) of the statute, and asserts that personal jurisdiction is proper "because Defendants have transacted business and committed tortious acts within the State." Am. Compl. ¶¶ 14-15. The statute provides in relevant part:

> A court of this state may exercise personal jurisdiction over any nonresident . . ., as to a cause of action arising from any of the acts . . . enumerated in this Code section, in the same manner as if he or she were a resident of this state, if in person or through an agent, he or she:
>
> (1) Transacts any business within this state;
>
> (2) Commits a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act[.]

5

O.C.G.A. § 9-10-91

The parties dispute whether, absent any other contacts, jurisdiction is proper in the venue where an unlawful fax is received. The Charter Defendants rely on LABMD, Inc. v. Tiversa, Inc., 509 F. App'x 842 (11th Cir. 2013), in which the Eleventh Circuit considered whether the defendants' use of peer-to-peer software to access a computer physically located in Georgia was a tortious act that "took place" in Georgia, notwithstanding the fact that both defendants accomplished the act from out of state. Finding that this act alone was insufficient to confer jurisdiction under O.C.G.A. § 9-10-91, the court explained:

> For purposes of personal jurisdiction under Georgia's long-arm statute, Georgia courts have ruled that—when a defendant uses the telephone or email to contact a Georgia resident—defendant's conduct occurs at the place where defendant speaks into the telephone or types and sends his email. See Anderson v. Deas, 279 Ga. App. 892, 893-94 (2006) (no personal jurisdiction existed over a defendant who made harassing telephone calls to a Georgia resident from another state); Huggins v. Boyd, 304 Ga. App. 563, 565 (2010) (concluding—based on Anderson—that no personal jurisdiction existed over a nonresident defendant who emailed Georgia residents).
>
> For the long-arm statute, we see no meaningful distinction between the technology used to place telephone calls or send emails and the technology used in peer-to-peer file sharing. In all cases, the technology causes the transmission of information along telephone or electronic lines between an out-of-state defendant and a Georgia resident. See Anderson, 279 Ga. App. at 893-94; Huggins, 304 Ga. App. at 565. That peer-to-peer software causes a port to open on another computer is not unique: telephone calls also require a connection to the receiving phone line before the transmission of

6

> information can occur. The conduct giving rise to Defendants'
> alleged offense occurred where Johnson and Tiversa used computers
> to access the 1,718 File. Because Johnson and Tiversa used
> computers outside of Georgia, Defendants are not subject to personal
> jurisdiction under subsection (2).

LABMD, 509 F. App'x at 844-45.

Plaintiff attempts to distinguish LABMD by arguing that "prevailing TCPA case law" holds that jurisdiction is proper in the venue in which an unlawful communication is received. See Pl.'s Interim Resp. to Charter Defs.' Mot. to Dismiss [Doc. 48] at 9-10; see, e.g., Payton v. Kale Realty, LLC, No. 13 C 8002, 2014 WL 4214917, at *3 (N.D. Ill. Aug. 26, 2014) ("[C]ourts have repeatedly held that sending a message into the forum state in violation of the TCPA is sufficient to confer specific personal jurisdiction over the defendant.") (collecting cases). The problem with this argument is that none of the cases cited by Plaintiff was decided under Georgia's long-arm statute, which is "not coextensive with due process . . . . [and] 'may preclude a Georgia court from exercising personal jurisdiction over the nonresident to the fullest extent permitted by constitutional due process.'" Diamond Crystal, 593 F.3d at 1261 (quoting Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank of Ames, 279 Ga. 672, 674 (2005) (emphasis in original)); see, e.g., Keim v. ADF MidAtlantic, LLC, 199 F. Supp. 3d 1362, 1367 (S.D. Fla. 2016) (finding that Florida's long-arm statute authorized jurisdiction

7

over plaintiff's TCPA claim based on non-resident's calls because, under Florida law, "committing a tortious act within [the state] 'can occur by making telephonic, electronic, or written communications into this State, provided that the tort alleged arises from such communications.'") (quoting Wendt v. Horowitz, 822 So.2d 1252, 1260 (Fla. 2002)).

Beyond this argument, Plaintiff offers no "meaningful distinction between the technology used to place telephone calls[,] send emails and ... [operate] peer-to-peer file sharing" on one hand and the technology used to send faxes on the other, nor can the Court discern any. See LABMD, 509 F. App'x at 844-45. Accordingly, because the sole basis for the exercise of jurisdiction in this case is Plaintiff's receipt of a fax sent from out of state, the Charter Defendants are not subject to personal jurisdiction under subsection (2) of Georgia's long-arm statute.[1]

**B.     Plaintiff's Motion to Stay Briefing and for Leave to Conduct Jurisdictional Discovery**

In response to the Charter Defendants' motion to dismiss, Plaintiff has filed a motion requesting that the Court stay briefing and defer ruling on Defendants'

---

[1] As noted above, Plaintiff's Complaint also alleges that the Charter Defendants "transacted business" in Georgia within the meaning of O.C.G.A. § 9-10-91(1). However, Plaintiff does not allege any facts in support of this claim, and does not address it in its response to the Charter Defendants' motion to dismiss. Therefore, to the extent Plaintiff has not abandoned its claim that jurisdiction is proper under subsection (1) of the long-arm statute, the Court rejects this argument as well.

8

motion, and further requesting that the Court authorize jurisdictional discovery on a number of disputed factual issues related to: (1) the relationship between the Charter Defendants and Defendant AICOM, the latter of which is alleged to have sent the subject fax; (2) the Charter Defendants' knowledge concerning whether the fax, which bears a New York state address and fax number, would reach Georgia rather than New York; and (3) whether a call between AICOM and Plaintiff preceded the fax and, if so, whether Plaintiff gave AICOM permission to send the fax during that call. See Pl.'s Mot. to Stay at 2-3.

Plaintiff argues that these questions are relevant to the outcome of the Charter Defendants' jurisdictional motion. However, this argument is premised on Plaintiff's claim that, as a threshold matter, mere receipt of an unlawful fax in Georgia is sufficient to establish jurisdiction over an out-of-state defendant under Georgia's long-arm statute.[2] Because the Court has already rejected this argument, Plaintiff's Motion to Stay is **DENIED**. See Andrews v. Mazda Motor Corp., No. 1:14-CV-03432-WSD, 2015 WL 1851159, at *7 (N.D. Ga. Apr. 22, 2015) ("If the information a plaintiff seeks would not advance its position on a jurisdictional

---

[2] The parties' motions are also addressed to a variety of other questions that assume *arguendo* that this claim is true. By virtue of its above holding, the Court does not need to reach those questions here.

9

issue, a district court should deny the request for discovery to avoid burdening the defendant and to promote the efficient administration of justice.").

### C. Whether this Action Should be Transferred to the Southern District of New York

The Charter Defendants argue that, if the Court finds that it lacks personal jurisdiction over this action, it should transfer it "in the interest of justice" to the Southern District of New York. See 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); Manley v. Engram, 755 F.2d 1463, 1467 n.8 (11th Cir. 1985) ("Although [28 U.S.C. § 1406(a)] speaks only of cases where 'venue' in the original forum is wrong, it has been held to operate when there exists in the original forum an obstacle—whether incorrect venue, absence of personal jurisdiction, or both—to a prompt adjudication on the merits."). Plaintiff does not respond to this argument.[3]

The Charter Defendants' request is well-founded. It appears from the face of the fax at issue—which bears Plaintiff's New York (rather than Georgia) address—that it was directed to Plaintiff's New York office, where Plaintiff

---

[3] "Failure to file a response shall indicate that there is no opposition to the motion." LR 7.1B, NDGa.

10

maintains a mailing address despite its 2013 relocation to Georgia. See Dec. 14 Fax; Decl. of Shimshon Wexler [Doc. 48-1] ("Wexler Decl.") ¶ 6.[4] Furthermore, according to the allegations in Plaintiff's Amended Complaint, both Plaintiff and the Charter Defendants have strong connections to New York: Plaintiff remains a New York professional company, and the Charter Defendants have their principal places of business in New York. See Am. Compl. ¶¶ 8, 10. Therefore, the Court concludes that the interests of justice support transferring this case to the Southern District of New York.

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendants Time Warner Cable LLC, d/b/a Spectrum, Time Warner Cable Media LLC, Charter Communications Inc., and Charter Communications Operating LLC's Motion to

---

[4] In a declaration attached to Plaintiff's response to the Charter Defendants' motion to dismiss, Shimshon Wexler, Plaintiff's sole owner and employee, explains that he continues to use his original New York fax number at his Georgia office by way of an online service called "MyFax:"

> I first obtained [the fax number at issue] as Wexler P.C.'s fax number in August 2010. Since August 2010, Wexler P.C. has used MyFax to send and receive faxes. MyFax allows Wexler P.C. to send and receive faxes online. Wexler P.C. still uses [this number] as its main fax number.

Wexler Decl. ¶ 9.

Dismiss for Lack of Personal Jurisdiction and to Transfer [Doc. 46] is **GRANTED**. It is further **ORDERED** that Plaintiff the Law Offices of Shimshon Wexler, P.C.'s Motion to Stay and for Leave to Conduct Jurisdictional Discovery [Doc. 47] is **DENIED**.[5]

This action is hereby **TRANSFERRED** to the United States District Court for the Southern District of New York.

---

[5] By virtue of the Court's order, Defendant's previous Motion to Dismiss and Transfer [Doc. 40], which was addressed to Plaintiff's original Complaint [Doc. 1], is **DENIED AS MOOT**. See Dresdner Bank, A.G. v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.") (internal punctuation and citation omitted).

Furthermore, although Plaintiff's Motion for Class Certification [Doc. 7] ("Pl.'s Mot. for Class Cert.") remains pending, Plaintiff represents that it only filed this motion "in order to avoid an attempt by Defendants to moot Plaintiff's individual claims in this class action[,]" and has yet to file a brief in support of that motion because "additional discovery is necessary for the court to determine whether to certify the class Plaintiff seeks to represent." Pl.'s Mot. for Class Cert. ¶ 1. On April 19, 2017, the Court granted the parties' Joint Motion to Suspend the Automatic Briefing Schedule on Plaintiff's Motion for Class Certification [Doc. 28], and ordered the parties to propose a briefing schedule as part of their case management plan. See April 29, 2017 Order [Doc. 29]. Given the early stage of this litigation, the parties have yet to submit their case management plan.

**IT IS SO ORDERED** this 30th day of October, 2017.

_/s/ Mark H. Cohen_
MARK H. COHEN
United States District Judge